IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MIGUEL GARCIA,<br><br>     Plaintiff,<br><br>v.<br><br>JM&G DISTRIBUTORS, LLC, BEVERLY GALLEGOS and CLAUDIO GALLEGOS,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ENTRY OF DEFAULT<br><br><br>Case No. 2:18-CV-718 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Entry of Default. Because Plaintiff has failed to properly serve any Defendant, the Motion must be denied.

Plaintiff filed this action on September 12, 2018. Summonses were issued as to each Defendant on September 14, 2018. On October 16, 2018, Defendant filed a proof of service as to Defendant JM&G Distributors, LLC only. That proof of service indicated that the process server "delivered a copy of this process to Jm&g Distributors, in person."[1] The proof of service does not indicate who received service at JM&G Distributors, nor does it state whether Beverly Gallegos or Claudio Gallegos were served.

Federal Rule of Civil Procedure 4(e) sets out the requirements for serving an individual. Rule 4(e) provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

---

[1] Docket No. 8.

1

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(l)(1) requires proof of service be filed with the Court. Here, there is no proof of service as to either individual Defendant and no evidence that service was properly effectuated. Therefore, Plaintiff's Motion as to Beverly Gallegos and Claudio Gallegos is denied.

As for JM&G Distributors, Federal Rule of Civil Procedure 4(h)(1)(A) allows service "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Federal Rule of Civil 4(h)(1)(B) requires

delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Here, the proof of service indicates that JM&G Distributors was served "in person," but does not indicate who was served or whether that individual had authority to receive service on behalf of JM&G Distributors. Therefore, Plaintiff's Motion is denied as to JM&G Distributors.

Based upon the above, the Court finds that Plaintiff has failed to properly serve any Defendants and the time required under Federal Rule of Civil Procedure 4(m) for doing so has

expired.  Pursuant to that rule, the Court orders Plaintiff to serve Defendants within fourteen (14) days of this Order.  Failure to do so will result in dismissal without prejudice.

It is therefore

ORDERED that Plaintiff's Motion for Entry of Default (Docket No. 9) is DENIED.

DATED this 14th day of January, 2019.

BY THE COURT:

Ted Stewart
United States District Judge